IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dairyland Insurance Company, | Case No. 4:23-cv-03148-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Billy Ray McGirt and Linda Valejos, | |
| Defendants. | |

Plaintiff Dairyland Insurance Company ("Dairyland") filed this action on June 30, 2023, seeking a declaratory judgment that the insurance policy (the "Policy") it issued to Defendant Bill Ray McGirt does not cover an uninsured motorist claim asserted by Defendants McGirt and Linda Valejos (collectively, "Defendants") for an alleged September 6, 2022 automobile accident. [ECF No. 1.] After Defendants failed to attend their depositions on three separate occasions, Dairyland moved for default judgment or, in the alternative, summary judgment. [ECF No. 70.] Following this motion, the magistrate judge warned Defendants that they were at risk of default, but Defendants failed to respond. *See* ECF No. 70, 72.

This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). The Report recommends the court grant Dairyland's motion for default judgment or, in the alternative, grant its motion for summary judgment. [ECF No. 78 at 14.] The Report also advises Defendants of the procedures and requirements for filing objections to the Report and the serious consequences if they fail to do so. *Id.* at 15. Defendants have filed no objections, and the time for doing so has expired.

**LEGAL STANDARDS**

**I.     Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

**II.    Default Judgment Under Rule 37**

Rule 37 of the Federal Rules of Civil Procedure allows a court to impose sanctions when a party fails to appear for a deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Under this rule, the court has discretion to impose default judgment as a sanction against the noncompliant party. *Id.* (b)(2)(A)(vi). To determine whether default judgment is an appropriate sanction, the court must consider and apply the four factors set forth in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977). These factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused to the other party; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Wilson*, 561 F.2d at 503–05. But before entering a default judgment, the court "must, in all but the most egregious cases, give the offending party a warning that it is at risk of such a sanction if it disobeys a court's order." *Aiken Hosp. Grp., LLC v. HD Supply Facilities Maint., Ltd.*, No. 1:16-CV-03093-

JMC, 2018 WL 2057388, at *3 (D.S.C. May 3, 2018) (quoting *Jermar, Inc. v. L.M. Commc'ns II of S.C., Inc.*, 181 F.3d 88 (4th Cir. 1999) (unpublished opinion)).

## CONCLUSION

The Report finds that each of the *Wilson* factors weighs in favor of Dairyland's request for default judgment and recommends granting such relief under Rule 37. After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error and adopts the Report, ECF No. 78, and incorporates it by reference herein. As a result, Dairyland's motion for default judgment is **GRANTED**. Because the court grants this motion, Dairyland's motion for summary judgment is **MOOT.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Policy does not provide uninsured motorist coverage for the alleged September 6, 2022 accident because the alleged injuries did not arise out of a car accident, and Defendants cannot sue or recover under S.C. Code §§ 38-77-170, 710.

**IT IS SO ORDERED**

December 2, 2025                    Sherri A. Lydon
Columbia, South Carolina            United States District Judge